CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUN 0 7 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

FELICIA D. PHILLIPS,         )    CASE NO. 6:10CV00053
                     )
      Plaintiff,      )
                     )
v.                   )   REPORT AND RECOMMENDATION
                     )
MICHAEL J. ASTRUE,     )
Commissioner of Social Security, )
                     )   By: B. Waugh Crigler
      Defendant.     )         U. S. Magistrate Judge

This challenge to a final decision of the Commissioner which denied plaintiff's

protectively-filed September 26, 2008 applications for a period of disability, disability insurance

benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as

amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28

U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate

findings, conclusions and recommendations for the disposition of the case. The questions

presented are whether the Commissioner's final decision is supported by substantial evidence, or

whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the

reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the

Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision

and DISMISSING this action from the docket of the court.

In a decision issued on April 19, 2010, an Administrative Law Judge ("Law Judge")

found that plaintiff had not engaged in substantial gainful activity since March 23, 2007, her

alleged disability onset date, and that she remained insured through March 31, 2012. (R. 12.)

The Law Judge determined plaintiff suffered the following severe impairments: lumbar

degenerative disc disease and ankle and foot osteoarthritis. (*Id.*) The Law Judge did not believe plaintiff suffered a severe impairment or combination of impairments which met or equaled a listed impairment. (R. 13.) The Law Judge found that she retained the residual functional capacity ("RFC") to perform light work with only occasional climbing, stooping, and crouching, and no crawling. (*Id.*) The Law Judge further found that plaintiff should avoid heights, hazards, and fumes. (*Id.*) The Law Judge determined that this RFC did not preclude plaintiff from performing her past relevant work as a cashier and lunch aide. (R. 17.) Ultimately, the Law Judge found plaintiff was not disabled. (R. 18.)

Plaintiff appealed the Law Judge's April 19, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff's sole argument is that the Law Judge's credibility finding is not supported by substantial evidence. (Pl's Brief,

pp. 6-12.) Specifically, plaintiff alleges that the evidence "clearly shows" that she suffers from medically determinable impairments that are capable of producing the disabling pain and symptoms she has alleged. (Pl's Brief, p. 10.)

In order to determine a claimant's functional capacity, the Law Judge, and the court on review, should engage in a two-step evaluation process corresponding to Social Security Ruling ("SSR") 96-7p and the Commissioner's regulations set forth in 20 C.F.R. §§ 404.1529, 416.929. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Plaintiff satisfied the requirements at step one, as the Law Judge found that plaintiff's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (R. 16.) At step two, however, the Law Judge found that plaintiff's statements

concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with what he had found to be plaintiff's RFC. (*Id.*) For the reasons that follow, the undersigned finds that the Law Judge's credibility determination is supported by substantial evidence.

At bottom, plaintiff's claims of disabling pain are at odds with the record medical evidence. For instance, William Humphries, M.D. performed a consultative medical examination of the plaintiff on June 10, 2009. (R. 316-319.) He opined that plaintiff could lift ten pounds frequently and twenty-five pounds occasionally; climb, stoop and crouch occasionally; and sit, stand and walk for six hours in an eight-hour workday. (R. 318.) Dr. Humphries further found that plaintiff should avoid heights, hazards and fumes and could do no crawling. (*Id.*) Also, on October 2, 2008, plaintiff's treating orthopedic surgeon, Stephen A Grubb, M.D., completed a Physical Capacities Form. (R. 321.) He noted that plaintiff's return to work status was full duty, which included "[n]o restrictions of essential job activities." (*Id.*) Finally, on June 24, 2009, State agency record reviewing physician Joseph Duckwall, M.D. opined that plaintiff maintained the RFC to perform a modified range of light work. (R. 76-77.) This constitutes substantial evidence to support the Law Judge's determination that plaintiff possessed the RFC to perform her past relevant work as a cashier and lunch aide.

For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are

4

entitled to note objections, if any they may have, to this Report and Recommendation within (14)

days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned

not specifically objected to within the period prescribed by law may become conclusive upon the

parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual

recitations or findings as well as to the conclusions reached by the undersigned may be construed

by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a

certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

June 7, 2011
Date