# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| FELICIA D. PHILLIPS, *Plaintiff*, v. MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, *Defendant*. | CIVIL NO. 6:10-CV-53<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the court on consideration of the parties' cross-motions for summary judgment (docket nos. 12 and 14), the Report and Recommendation ("Report") of United States Magistrate Judge B. Waugh Crigler (docket no. 17), Plaintiff's objections (docket no. 18), and the response (docket no. 19) thereto filed by the Commissioner of Social Security ("Commissioner," or "Defendant"). In his Report, the magistrate judge recommends that I affirm the Commissioner's final decision denying Plaintiff's claims for disability, disability insurance benefits, and supplemental security income under the Social Security Act (the "Act"). Plaintiff filed timely objections to the Report. However, because Plaintiff's objections fail to object with the requisite level of specificity and are merely an objection to the entirety of the Report, Plaintiff is not entitled to this court's *de novo* review. Nonetheless, after reviewing the record, the magistrate judge was correct in the determining that Plaintiff was not disabled under the Act. Accordingly, for the reasons stated herein, I will overrule Plaintiff's objections and will adopt the magistrate judge's Report *in toto*.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 26, Plaintiff protectively filed for disability, disability insurance benefits, and supplemental security income, alleging disability beginning Mach 23, 2007 due to low back pain, hip pain, leg pain and numbness, left foot and calf pain, and muscle aches. After a hearing on January 21, 2010, the administrative law judge ("ALJ") issued a decision on April 19, 2010, finding that Plaintiff was not disabled because she had the residual functional capacity ("RFC") to perform her past relevant work as a cashier and lunch aide.

Plaintiff appealed the ALJ's decision to the Appeals Council. On September 9, 2010, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. Plaintiff then filed the instant civil action, seeking judicial review of the Commissioner's final decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the matter to Magistrate Judge Crigler for proposed findings of fact and a recommended disposition. After the parties filed cross-motions for summary judgment, the magistrate judge issued his Report recommending that the court grant the Commissioner's motion for summary judgment, to which Plaintiff filed timely objections.

## II. STANDARD OF REVIEW

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and

consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48. General objections to a magistrate judge's report and

- 3 -
Case 6:10-cv-00053-NKM-BWC   Document 20   Filed 10/25/11   Page 3 of 7   Pageid#: 510

recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objections are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

As I have already observed, general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney*, at 845. Plaintiff's objection is a general objection to the entire Report that reiterates arguments already presented. The document filed by Plaintiff's counsel captioned "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation" is essentially a verbatim copy of a portion of her previously filed summary judgment brief.[*] (*Compare* Pl.'s Objections 1-5, June 17, 2011, *with* Pl.'s Brief 7-11, April, 13 2011); *see Veney*, at 844 (overruling a plaintiff's objections that were "an almost verbatim copy of the 'Argument' section of Plaintiff's previously filed summary judgment brief."). Plaintiff's objections refer to Judge Crigler's Report only twice—once in the first sentence and again in the last sentence. (Pl.'s Objections 1,7). Both references merely state conclusory disagreements with Judge Crigler's determination that the ALJ's decision was supported by substantial evidence.

---

[*] The portion of Plaintiff's summary judgment brief that she apparently copied and pasted to her objections summarizes objective medical evidence of her impairments and symptoms. The only portions of Plaintiff's summary judgment brief that she omitted were several statements of the law and the portion addressing Plaintiff's subjective allegations of pain.

Nowhere does Plaintiff indicate specific portions of the Report to which she objects. To the extent these two references are objections at all, they object to the entirety of the Report, restating Plaintiff's original position in her summary judgment brief that the ALJ's determination was not supported by substantial evidence. *See Veney*, at 846 (explaining that "allowing a litigant to obtain de novo review by merely reformatting an earlier brief as an objection" wastes judicial resources and runs contrary to the purpose of the Magistrate Act because it would require the district court and the magistrate to perform identical tasks). In short, unsatisfied by the findings and recommendations in the Report, Plaintiff simply ignored it, attempting instead to seek re-argument and reconsideration of her entire case in the guise of objecting. So drafted, Plaintiff's objection lacks the specificity required by Rule 72 and is not entitled to *de novo* review.

However, in an abundance of caution, I observe that the magistrate judge was correct in concluding that the ALJ's decision was supported by substantial evidence because Plaintiff's "claims of disabling pain were at odds with the record medical evidence." *Report and Recommendation hereinafter "R&R"* at 4; *see* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (explaining that objective medical evidence is a "useful indicator to assist [the agency] in making reasonable conclusions about the intensity and persistence" of a claimant's symptoms). Among other things, the record medical evidence included the results of a consultative medical examination concluding that Plaintiff could occasionally perform light work, except that she was limited to occasional climbing, stooping, and crouching and no exposure to heights, hazards, or fumes (R. 316-19); the opinion of Plaintiff's treating orthopedic surgeon that Plaintiff could return to full duty work status, which means "[n]o restrictions on essential job activities" (R.

321); and the state agency reviewing physician's opinion that plaintiff possessed the RFC to perform a modified range of light work (R. 76-77).

In light of the above, the magistrate judge agreed with the ALJ that "[P]laintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were 'not credible' to the extent they were inconsistent with what [the ALJ] had found to be [P]laintiff's RFC." *R&R* at 3-4. Specifically, the magistrate judge concluded that this constitutes substantial evidence that Plaintiff's RFC allowed her to perform her past relevant work as a cashier and lunch aide. *Id.* at 4.

My review of the record confirms the ALJ's determination that, while Plaintiff's impairments could reasonably be expected to cause some pain, they did not meet the Act's standard of disability, and the ALJ did not err in discounting Plaintiff's allegations of totally disabling pain and finding Plaintiff's subjective complaints only partially credible. Substantial evidence supports the ALJ's finding that Plaintiff was not disabled under the Act because she could perform her past relevant work as a cashier and lunch aide.

### IV. CONCLUSION

Plaintiff's objection to the magistrate judge's Report fails because it lacks the specificity required by Rule 72. Nonetheless, after reviewing the record, I find that substantial evidence supports the ALJ's determination. Accordingly, I will enter an order overruling Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and the United States Magistrate Judge B. Waugh. Crigler.

Entered this 25th day of October, 2011.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE